UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELLIOT SHAPIRO,**

    **Plaintiff,**

**v.**                                                                    Case No.  8:06-cv-1732-T-30MAP

**JOHN E. POTTER, POSTMASTER**
**GENERAL, U.S. POSTAL SERVICE,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. #12), Plaintiff's Response to Oppose Request for Summary Judgment (Dkt. #14), and Plaintiff's Supplemental Response to Oppose Request for Summary Judgment (Dkt. #15).  The Court, having considered the motions, responses, exhibits, affidavits, memoranda, amended complaint, and being otherwise advised in the premises, finds that: Defendant's motion should be construed as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted; and Defendant's motion should be granted without prejudice.

### Background

*Pro se* Plaintiff, Elliot Shapiro ("Shapiro" or "Plaintiff"), seeks to bring a cause of action against Defendant, John E. Potter, Postmaster General, U.S. Postal Service ("Defendant") for an alleged violation of the American With Disabilities Act of 1990.  On May 16, 2006, Plaintiff sought EEO counseling alleging discrimination based upon a perceived mental disability.  On August 21, 2006, Plaintiff filed his formal Complaint of

discrimination with the Postal Service, alleging that he was discriminated against on July 12, 2006, because of a perceived disability. On September 5, 2006, the Postal Service issued its final agency decision on Plaintiff's formal complaint, dismissing the Complaint for failure to state a claim. The final agency decision informed Plaintiff of his rights to appeal the decision of the Postal Service by either filing: a civil action with an appropriate U.S. District Court within 90 days; or, in lieu of filing a civil action, an appeal to the Equal Employment Opportunity Commission within 30 days.[1] On September 11, 2006, Plaintiff appealed his Complaint to the EEOC Office of Federal Operations. On September 19, 2006, the EEOC OFO accepted Plaintiff's Complaint for processing. On September 20, 2006, Plaintiff filed the instant action in this Court. As of the date of this Order, the record contains no indication that the EEOC has issued a right-to-sue letter in regard to Plaintiff's claim, or that the Plaintiff has ever requested such a letter.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703

---

[1] See Dkt. #12-2.

(11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

**Analysis**

The powers, remedies, and procedures set forth in sections 2000e-5 of Title VII apply to ADA claims. See 42 U.S.C. §12117. ADA complaints under Title I must be filed with the U.S. Equal Employment Opportunity Commission (EEOC) within 180 days of the date of discrimination. See 42 U.S.C. §2000e-5(e)(1). Individuals may file a lawsuit in federal court only after they receive a "right-to-sue" letter from the EEOC. See Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992, 999 (11th Cir. 1982). Receipt of a right-to-sue letter is a condition precedent to filing a Title I claim. See Hillemann v. University of Central Florida, 411 F.Supp.2d 1354, 1362 (M.D. Fla. 2004). A prematurely filed suit is subject to dismissal upon proper motion at any time prior to the receipt of statutory notice of the right to sue. See Hillemann, 411 F.Supp.2d at 1362; see also Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (district court dismissed case as premature where plaintiff filed lawsuit prior to receipt of right to sue notice).

Plaintiff filed this action one day after the EEOC accepted Plaintiff's formal complaint.  From a review of the pleadings, Plaintiff did not receive a right to sue letter prior to bringing this case.  Further, it appears that Plaintiff still has not received a right to sue letter from the EEOC.  Accordingly, the Court concludes that this action was filed prematurely; and therefore, Plaintiff's claims under the ADA should be dismissed without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. #12) construed by this Court as a motion to dismiss pursuant to Rule 12(b)(6) is GRANTED as stated herein.  Plaintiff's Amended Complaint (Dkt. #6) is dismissed without prejudice.

2. The Clerk is directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1732.msj 12.wpd